**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEREMY K. ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-00419 JMB |
| | ) |
| PATTI LEHMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Jeremy Ross' response to the Order to Show Cause. On April 11, 2023, the Court issued an Order directing self-represented plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. [ECF No. 4]. Plaintiff filed a response to the Order to show cause on April 17, 2023. [ECF No. 5]. For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff Jeremey K. Ross is a self-represented litigant who filed the instant civil action against Mercy Hospital of St. Louis, as well as three defendants allegedly employed by the Hospital: Patti Lehman, Dr. Unknown Garcia and Dr. Peter Zhang. [ECF No. 1]. On April 11, 2023, the Court granted plaintiff's motion for leave to commence this action without prepayment of the filing fee. [ECF No. 4]. In that same Opinion, Memorandum and Order, the Court directed

2

plaintiff to show cause why case should not be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3). Plaintiff filed a response to the Court's Order on April 17, 2023. [ECF No. 5]. The facts, as laid out *infra*, are taken from the civil complaint, plaintiff's response brief and plaintiff's prior case filings in *Ross v. Lehman*, 4:23-CV-00152 SRC (E.D.Mo).[1]

In his civil complaint, plaintiff claims that his due process rights were violated, and he was unlawfully seized in violation of the Fourth Amendment. Plaintiff further states that he was "denied liberty, property, privacy and a personal sense of security," that defendants took his blood without consent, and that he was held against his will for seven days. [ECF No. 1].

Plaintiff was taken to Mercy Hospital on January 24, 2020, by Town and Country Police Department after being found driving down the wrong side of the street on Ballas Road. When stopped, plaintiff exited his vehicle and began banging on windows on the surrounding vehicles. He resisted arrest, purportedly "charged" at police and as a result, was tased twice. Police reported that plaintiff's words at the time of his arrest did not make sense, as he stated something about "executive order 9734" and told them him name was "A to Z." Methamphetamines were found in plaintiff's car, and the police took plaintiff to Mercy Hospital for an assessment.[2]

During plaintiff's assessment at Mercy Hospital, done by Nurse Practitioner Bamidele Ganiyu, he was reported as saying "nonsensical" words, self-professed as homeless, and was malodorous. He refused to answer questions, and he reported that his name was not "Jeremy," but instead, "A to Z." After fully assessing plaintiff, Ganiyu indicated on the assessment report that

---

[1] Plaintiff filed the same, or similar action on February 9, 2023, in *Ross v. Lehman*, 4:23-CV-00152 SRC (E.D.Mo). Plaintiff was issued a show cause order for lack of jurisdiction in that matter on February 16, 2023, which he filed a response to on February 22, 2023.

[2] The Court takes judicial notice that because of this incident plaintiff was charged with two criminal actions in St. Louis County Court. He was charged with resisting arrest, as well as driving at a slow speed/blocking traffic. *See City of Town and Country v. Ross,* Case Nos. 2096-MU00052 and 2096-MU00054 (21st. Jud. Cir., St. Louis County).

3

plaintiff "appeared psychotic," and "per Dr. Garcia," the consulting physician, ordered that plaintiff be admitted on a 96-hour involuntary hold.

As an exhibit to his response brief, plaintiff has attached the Missouri Probate Court documents from the St. Louis County Court relative to his involuntary hold. The petition for involuntary hold was completed by Nurse Practitioner Bamidele Ganiyu and signed on January 24, 2023, with her medical opinion as to plaintiff's state of mind. Attached to the petition for involuntary hold is an affidavit from Sergeant Yaakub from the Town and Country Police Department describing how plaintiff was taken into custody. Plaintiff has also provided the Court with a copy of his "Notice of Rights of Involuntary Patient," which notifies him of the name, telephone number and address of his appointed attorney.

Plaintiff was released from his involuntary hold by Dr. Zhang on January 27, 2020. He signed a consent for voluntary mental health treatment at Mercy Behavioral Health, with Nurse Alicia Dehler and Administrative Assistant Patti Lehman on that same day.

For relief plaintiff seeks monetary damages in excess of $300,000 dollars in this action for what he believes to be violations of his constitutional rights.

**Discussion**

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915.

Based on that review, and for the reasons discussed below, the Court determined plaintiff has not carried his burden of establishing subject matter jurisdiction. For these reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

**A. Federal Question Jurisdiction**

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Based on the allegations of the complaint and the response brief, it appears that plaintiff is asserting that the basis for this Court's jurisdiction in this matter is federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff asserts in his complaint that defendants violated his due process rights by unlawfully seizing him in violation of the Fourth Amendment. However, none of the defendants are alleged to be state actors or acting under color of state law, which is a requirement to sue for a violation of a constitutional right.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); s*ee also Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); *Montano v. Hedgepeth*, 120

5

F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

"Under [the Supreme] Court's cases, a private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck,* 139 S. Ct. 1921, 1928 (2019) (citations omitted); *see Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting [ ] 'under color' of [state] law for purposes of § 1983 actions.").

None of the parties in this action are alleged to be employed by the State of Missouri, compelled by the State to take a particular action, performing a traditional, exclusive public function or acting in concert with the State of Missouri such that they can be said to be "state actors." *See, e.g., Gibson v. Regions Fin. Corp.,* 557 F.3d 842, 846 (8th Cir. 2009*); see also, Jones v. Diner*, No. 4:09CV00204 JMM, 2009 WL 1285842, at *2 (E.D. Ark. May 5, 2009) (collecting cases to show that private physicians who participate in involuntary commitments cannot be held liable under 42 U.S.C. § 1983). Thus, plaintiff has not properly plead federal question jurisdiction over defendants under 42 U.S.C. § 1983.[3]

---

[3]Additionally, the Court notes that Missouri Revised Statute § 632.475 describes the civil detention procedures to be followed when a "mental health coordinator" receives information alleging that an individual, because of a mental disorder, presents a likelihood of serious physical harm to himself or others. Section 632.300.1 directs such mental health coordinators to investigate; evaluate the allegations of serious harm and the data developed by investigation; and evaluate the reliability and credibility of all sources of information. If the mental health coordinator has reasonable cause to believe the individual is mentally disordered, and as a result, presents a likelihood of serious harm to himself or others, the coordinator may file an application with the appropriate court for involuntary admission of the individual. Mo.Rev.Stat. § 632.300.2. Section 632.305.3 provides for detention for evaluation and treatment for a period not to exceed ninety-six (96) hours, and requires the completion of certain applications, based on the coordinator's own personal observations or investigations. Mo.Rev.Stat. § 632.305.3. If the likelihood of serious harm to the individual or others is considered imminent, the person may be detained and admitted to the facility before an application with the probate court is filed. Mo.Rev.Stat. §§ 632.305.3 and 632.203.4. Nevertheless, an

Plaintiff argues in his response brief that the fact that defendants had titles before their names, such as Administrative Assistant, or Case Manager or Doctor, makes these individuals state actors. Furthermore, he presumes that Mercy Hospital, defendants' employer, is owned by the State of Missouri, and thus, defendants could be said to be acting with state authority. However, plaintiff has not provided legal citations to back his claims.

Plaintiff additionally posits that defendants can be sued under 18 U.S.C. § 242, "Deprivation of Rights Under Color of Law," which he believes could provide a new basis for federal question jurisdiction. Even if plaintiff had properly alleged defendants had violated this statute, or its sister statutes, they are criminal in nature and do not give him a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241- 242, and that the "statutes do not give rise to a civil action for damages"); *Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2nd Cir. 2011) (stating that "nothing in the language or structure of [18 U.S.C.] § 241 suggests that Congress intended to create a private right of action"); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2nd Cir. 1994) (stating that 18 U.S.C. § 242 is a criminal statute that does not provide a private right of action); *Davis v. Norwood*, 614 Fed. Appx. 602, 605 (3rd Cir. 2015) (stating "that 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law,

---

application to the probate court must still be filed after the detention and the admission take place. Section 632.305.3 and section 632.305.4 broadly require in the context of an urgent detention and admission that an application be filed with the probate court by the instigating party, e.g., a mental health coordinator, a licensed physician, a registered professional nurse, or a mental health professional "designated by the facility and approved by the department [of mental health]." *Section 632.440 provides civil immunity from suit for health care professionals, public officials, and certain peace officers who investigate, detain, transport, conditionally release, or discharge individuals pursuant to Chapter 632.* (emphasis added)

7

does not provide a private right of action"); *Brown v. Express Scripts,* 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action); *Roberson v. Pearson*, 2012 WL 4128303, at *1 (D. Minn. 2012) (stating that 18 U.S.C. § 245 is a federal criminal statute "that cannot provide the basis for any private cause of action"); *Banks-Bey v. Acxiom,* 2010 WL 395221, at *3 (N.D. Ohio) (dismissing claim under 18 U.S.C. § 245 because § 245 is a criminal statute for which there is no private right of action); *Wolf v. Jefferson Cty., Mo.,* 2016 WL 233247, at *2 (E.D. Mo. 2016). For this reason, plaintiff's assertion that defendants can be held liable under 18 U.S.C. § 242 is without merit.

Plaintiff has failed to properly allege federal question jurisdiction, which he has the burden of doing. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). As a result, the Court finds that plaintiff's action is subject to dismissal for lack of federal question jurisdiction.

### B. Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332

Although plaintiff has not alleged jurisdiction based on diversity, the Court will address such an argument in an abundance of caution. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Although plaintiff has attached his birth certificate showing the state in which he was born, he indicates on the Court's Civil Cover Sheet that he is a citizen of the State of Missouri. He has

8

not, however, indicated the states of citizenship for defendants. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as defendants. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Because plaintiff has failed to properly allege complete diversity of citizenship, this Court lacks jurisdiction over this matter. As such, this action is subject to dismissal, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 18th day of April, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE